[No. 19413.   Department One.   July 18, 1925.]

F. S. FELTER, *Respondent*, v. H. J. McCLURE *et al.*, *Appellants.*[1]

DIVORCE (82)—DIVISION OF PROPERTY — DECREE — CONSTRUCTION. Where an interlocutory decree of divorce found that certain real estate belonged to the parties and that the husband was entitled to have it set aside as his sole and separate property, a final decree reciting that he was "entitled" to it, describing it, is sufficient to vest the title in him.

SAME (20)—JURISDICTION—PROCESS OR NOTICE—APPEARANCE. Failure to serve the prosecuting attorney with the complaint in a divorce action does not vitiate the decree where the prosecutor appeared at the hearing and represented the defendant.

DIVORCE (45-1)—ENTRY OF FINAL DECREE—FILING MOTION OR AFFIDAVITS—STATUTES. A final decree of divorce, reciting that it was upon motion of the plaintiff, sufficiently complies with Rem. Comp. Stat., § 988-1, authorizing the decree on motion of either party, it not being necessary to "file" any motion or affidavit.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered May 7, 1925, in favor of the plaintiff, in an action for specific performance, tried to the court. Affirmed.

*H. W. Arnold,* for appellants.

*Gordon Powers,* for respondent.

ASKREN, J.—Plaintiff brought this action to require defendants to fulfill the terms of a contract for the

[1]Reported in 237 Pac. 1010.

purchase of certain real estate. The defendants answered that the abstract did not show a marketable title in the plaintiff. The case was tried to the court and judgment entered for plaintiff. Defendants appeal.

The statement of facts shows substantially the following: Respondent Felter was granted an interlocutory decree of divorce on April 16, 1923, at which time the court, after finding that respondent and his wife were the owners of the real estate, that it had been occupied by plaintiff, that he had improved the same, that his wife had contributed nothing towards the improvements thereon, made its conclusion of law that he was entitled to an interlocutory order setting aside to him the real estate in question, and, based upon this conclusion, entered its interlocutory decree of divorce, as follows:

"The above entitled action having come on regularly for hearing this 16th day of April, 1923, the plaintiff appearing in person and by his attorney, the default of the defendant having been entered, and the state of Washington, having been represented by the prosecuting attorney for Clarke county, Washington, and the court heretofore made and entered findings of fact and conclusions of law, and being by reason of all the above fully advised in the premises, does now declare and determine, that the plaintiff, F. S. Felter, is entitled to have set aside to him the following described real estate as his sole and separate property: Lot Eight (8) of Wright Homestead Lots according to the plat of said lots on record at page 57 of Book 'A' of records of maps and plats in the county of Clarke, state of Washington.''

Thereafter on October 24, 1923, the court entered a final judgment, which recites:

" . . . the court being fully advised in the premises, upon motion of the plaintiff does now order, adjudge and decree as follows: That the plaintiff, F. S.

Felter, is entitled to the following described real estate as his sole and separate property: (describing the property).''

The agreement sued on in this action was dated February 28, 1925. Thereafter, evidently because some question was raised as to the sufficiency of the final decree entered October 24, 1923, a *nunc pro tunc* order was taken amending the decree. This was substantially the same as the final decree, with the exception that where in the final decree the words were used "that the plaintiff, F. S. Felter, is *entitled* to the following described real estate:''; in the *nunc pro tunc* order it was ordered, adjudged and decreed "that . . . said property . . . is hereby set over to and hereby declared to be the sole and separate property of the plaintiff.''

Appellants insist that the court erred in holding that the title was marketable. They contend, first, that the decree of divorce was insufficient to vest title in the respondent, in that the words of the final decree, where the court found that respondent was *entitled* to the property, are not sufficient to transfer the title to him. While it may be that the words used are not as binding and conclusive as those used by the court in its *nunc pro tunc* order, nor so binding as those ordinarily used in drawing decrees of this character, yet we cannot think that the words are entitled to the construction which appellant puts upon them, to wit: that they do not contain any operative words of grant. The word "entitle" means "to give right to.'' Bouvier's Law Dictionary. Webster defines it to mean "to give a right or title to; to settle a legal title to property.'' In *Thompson v. Thompson*, 107 Ala. 163, 18 South. 247, under a statute which provided that a surviving hus-

band was ''entitled to one-half of the personalty,'' the court said:

''The word 'entitled,' the statute employs, when used as definitive or descriptive of the right to an interest in property, signifies 'to give title, right, and claim; . . .' ''

It is quite clear from the recitals in the interlocutory order, and also in the final decree, that the court was entering a decree of divorce between the parties and disposing of the property, and we think that the only reasonable construction to be given to it is that the court thereby set over the property to respondent as his own separate property.

Appellant next contends that the *nunc pro tunc* order, having been entered more than one year after the date of the entry of the final decree, was of no effect because the statute requires amendments to be made within one year. Inasmuch as we have seen the original decree was sufficient, it is unnecessary to decide this question.

Another objection raised by appellant is that the prosecuting attorney was not served with the complaint in the divorce action between respondent and his wife. Appellant contends that this is mandatory and that failure to serve the prosecutor vitiates all the proceedings thereafter. But we think this point entirely immaterial, inasmuch as the record shows that the prosecuting attorney appeared at the hearing and represented the defendant in the action. Service is required to give the court jurisdiction of parties to an action, but if the party appears or is present at the hearing it would seem to be immaterial whether the papers were served if the party so appearing makes no objection upon that ground. The right to object belongs to the party appearing, and not to a third party seeking later to attack the proceedings.

Complaint likewise is made that the court entered its final decree without any motion or affidavit therefor being filed. The statute, Rem. Comp. Stat., § 988-1 [P. C. § 7507a], does not require the filing of either, but says: ". . . the court, on motion of either party, shall confirm such order . . ." The final decree recites that, "the court . . . upon motion of the plaintiff . . ." This was sufficient.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and BRIDGES, JJ., concur.