**Ethel R. HURTT**

v.

**The UNITED STATES.**

**No. 345–61.**

United States Court of Claims.

Nov. 7, 1962.

———◆———

Claude L. Dawson, Washington, D. C., for plaintiff.

Robert R. Donlan, with whom was Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for defendant.

JONES, Chief Judge.

This is a suit for a cost-of-living annuity increase granted by the Congress in 1958 to certain annuitants and their survivors which plaintiff, the widow of a Federal employee, claims was wrongly denied her by the United States Civil Service Commission.

Plaintiff's husband died on March 6, 1955. At the time of his death he was an employee of the Federal Government and had contributed into the civil service retirement and disability fund a total of $3,147.15, thereby earning an annuity of $1,507.27.

Shortly after her husband's death, plaintiff applied to the United States Civil Service Commission for death benefits.[1] She was informed by its Retire-

---

[1] A principal feature of the Act of February 28, 1948, 62 Stat. 48, amending the Civil Service Retirement Act of May 29, 1930, 46 Stat. 468, was a provision for annuities for widows of employees having had 5 or more years of service in an amount based upon the service of the employees. The 1948 Act amended section 12 of the Act of May 29, 1930, to read as follows: "[1] (c) (1) In case any officer or employee to whom this Act applies shall die subsequent to the date of enactment of this Act after having rendered at least five years of civilian service computed as prescribed in section 5 of this Act and is survived by a widow, such widow shall be paid an annuity beginning the first day of the month following the death of the officer or employee or following the widow's attainment of age fifty, whichever is the later, equal to one-half the amount of an annuity computed as provided in section 4(a) hereof with respect to such officer or employee: *Provided*, That such payments or any right thereto shall cease upon death or remarriage of the widow."

ment Division, in a letter dated April, 19, 1955, that it had been determined that "you are entitled" to a widow's annuity and that payments would commence the first of the month after she had reached age 50. That letter contained the following statement:

"A careful review has been made of your application * * * under the Civil Service Retirement System, and based on the information you give, *it has been determined that you are entitled to a widow's annuity payable in monthly installments* which will commence the first of the month after you reach age 50 and will continue for life unless you marry again." [Emphasis supplied.]

Plaintiff became 50 years of age on August 16, 1958. Thereafter, beginning on September 1, 1958, she was paid an annuity of $63 per month, an amount equal to one-half of the annuity adjusted to the nearest dollar which would have been payable to her husband had he been eligible for retirement on the date of his death. This was in accordance with the law in effect on March 6, 1955, the date of her husband's death.[2]

Shortly before plaintiff received her first payment, the Congress provided, in the Act of June 25, 1958, 72 Stat. 218 hereinafter referred to as the 1958 Act); a 10 percent cost-of-living increase in the civil service retirement annuities of annuitants and survivors who on August 1, 1958, were receiving or entitled to receive an annuity based on service which terminated prior to October 1, 1956. That Act provided, in pertinent part, as follows:

"[Sec. 1.] That (a) the annuity of each retired employee or Member of Congress who, on August 1, 1958, is receiving or entitled to receive an annuity from the civil service retirement and disability fund based on service which terminated prior to

October 1, 1956, shall be increased by 10 per centum, * * *.

"(b) The annuity otherwise payable from the civil service retirement and disability fund to—

"(1) each survivor who on August 1, 1958, is receiving or *entitled to receive* an annuity based on service which terminated prior to October 1, 1956, and

"(2) each survivor of a retired employee or Member of Congress described in subsection (a) of this section,

shall be increased by 10 per centum. * * * [Emphasis supplied.]

* * * * * *

"Sec. 3. (a) An increase in annuity provided by subsection (a), or clause (1) of subsection (b), of the first section of this Act shall take effect on August 1, 1958. An increase in annuity provided by clause (2) of such subsection (b) shall take effect on the commencing date of the survivor annuity."

As the unremarried widow of a Federal employee whose service was terminated by death prior to October 1, 1956, plaintiff requested that the United States Civil Service Commission increase her annuity in the amount of $6 per month, beginning September 1, 1958, in accordance with section 1(b) (1) of the 1958 Act. Her request was rejected and, after an appeal, finally denied on July 31, 1961.

The sole question in this suit is whether plaintiff was "entitled to receive" an annuity on August 1, 1958, within the meaning of the 1958 Act, and therefore eligible for the annuity increase provided therein.

Defendant upholds the administrative construction of the 1958 Act which denied plaintiff's claim on the ground that survivors "entitled to receive" an annuity on August 1, 1958, were only those *eligible to receive* payment on that date, i. e., sur-

---

2. Act of May 29, 1930, ch. 349, § 12(c), 46 Stat. 468, 476, as amended, ch. 84, § 11, 62 Stat. 48, 54 (1948), quoted in note 1, supra. This section was further amend- ed by the Civil Service Retirement Act amendments of 1956, 70 Stat. 743, 5 U.S.C. § 2260(c) (1958), as amended, 5 U.S.C. § 2260(c) (Supp. III, 1961).

vivors who would have been actually receiving an annuity on August 1, 1958, had they applied for it. Thus defendant attempts to avoid the language of the Civil Service Commission's letter of April 19, 1955, in which it informed plaintiff "you are entitled to receive" a widow's annuity, by contending that the statutory words "entitled to receive" should be construed to mean merely "eligible to receive." Moreover, defendant asserts, in its argument in opposition to plaintiff's motion for summary judgment, "Since plaintiff was neither receiving an annuity nor *eligible* to receive an annuity on August 1, 1958, she had no annuity to which the increase could be applied as of August 1, 1958." [Emphasis supplied.]

The 1958 Act nowhere requires that a survivor be "eligible" for an annuity on August 1, 1958, in the sense of being fully qualified to receive one payable on that date. All that it requires is that the survivor be "entitled" to receive, on August 1, 1958, an annuity based on service which terminated prior to October 1, 1956. The word "entitle" means "to give right to," to furnish with grounds for seeking or claiming with success; it means the granting of a privilege upon which no limitation can be arbitrarily imposed.[3] The Act of February 28, 1948, gave plaintiff the right to an annuity in words mandatory and unequivocal:

> "In case any * * * employee * * * shall die * * * after having rendered at least five years of civilian service * * * and is survived by a widow, such widow *shall be paid* an annuity beginning the first day of the month following the death of the * * * employee or following the widow's attainment of age fifty, whichever is the later, * * *."[4] [Emphasis supplied.]

This statutory right or title was duly acknowledged in the normal course of business by the Civil Service Commission on April 19, 1955, in words appropriately

chosen: She was "entitled" to an annuity, the Retirement Division said. The 1958 Act required only that she still be so entitled on August 1, 1958. If death or remarriage had occurred in the interim, she would not have been "entitled" to an annuity on that date. Neither of these events had transpired on August 1, 1958. She was therefore still legally entitled to receive a widow's annuity on that date. The fact that she could not then enjoy the benefit conferred upon her by the 1958 Act in no way subtracted from her right to do so which had been fully established even though actual payment would not begin until she attained age fifty. Defendant cannot with justice read into the 1958 Act a requirement that survivors be *eligible* to receive payment on August 1, 1958, or lose forever their rights to the annuity increase provided therein.

Defendant's conclusion that, in order to be "entitled to receive" an annuity on August 1, 1958, within the meaning of section 1(b) (1) of the 1958 Act, plaintiff must have been receiving an annuity, or at least *eligible* to receive payment on that date, is without merit for the further reason that it tends to obliterate the statutory distinction between one receiving an annuity and one only entitled to receive it. Since both those receiving and those entitled to receive were granted the increase, it seems hardly likely that the terms were intended to be synonymous, or practically so.

Defendant's conclusion in this regard is apparently deduced from the first sentence in section 3(a) of the 1958 Act, which provided that the annuity increases "shall take effect on August 1, 1958." A provision that a statute will take effect on a given date is a routine one and ordinarily cannot and should not be given a power and significance which it does not actually have. This was a provision necessary for administrative and budgetary purposes, but defendant interprets it to mean that a claimant under the Act, for all practical purposes, must have had an

3. Felter v. McClure, 135 Wash. 410, 237 P. 1010, 1011 (1925); Norton v. State, 104 Wash. 248, 176 P. 347, 349 (1918); In re Graves, 325 Mo. 888, 30 S.W.2d 149, 151 (1930).

4. Ch. 84, § 11, 62 Stat. 48, 54.

annuity in being to which the increase could have been applied on August 1, 1958. On this basis plaintiff was excluded from the benefits of the Act. Among other inadequacies, this position is inconsistent with defendant's concession that a survivor merely "eligible" to receive an annuity on August 1 qualified for the increase. The result is that one who was not receiving an annuity only because he had not applied for it, nevertheless had *an* annuity to which the increase could be applied, while one who had no annuity merely because 15 days short of 50 years of age had *no* annuity to which the increase could be applied. If the true test were an actual annuity in being to which an increase could be applied, it would seem that if one of these hypothetical annuitants were to be denied the increase, then both should be denied it.

Further evidence of the invalidity of defendant's interpretation is to be found in the fact that the Congress, in the same subsection under which plaintiff claims, had no hesitancy in conferring the benefit of the increase on a class of future annuitants whose identity and number was unknown on August 1, 1958.[5]

Can it, then, be maintained that it was the intent of the Congress that plaintiff, who had already been waiting over 3 years to receive the first payment of the annuity to which she had become entitled when her husband died on March 6, 1955, was to be excluded on the ground that she had nothing to which the increase could be applied on August 1, 1958?

The 1958 Act was for the sole purpose of providing annuity increases to those annuitants—and their survivors—whose service terminated *prior* to October 1, 1956, a class to which plaintiff unquestionably belonged. Apparently everyone claiming under service which terminated prior to that date would be taken care of except widows unfortunate enough not to have arrived at their fiftieth birthday on or before August 1, 1958. In 1956 the Congress had completely rewritten the Civil Service Retirement Act of 1930 to provide, effective October 1, 1956, an average increase of approximately 25 percent in the retirement benefits of annuitants and their survivors who were entitled to annuities based on service which terminated *after* October 1, 1956.[6] Since the 1956 Amendments were not retroactive, the Congress later deemed it both appropriate and desirable that at least a comparable adjustment be made in the annuities of former Federal employees and their survivors whose annuities were based on service which terminated *prior* to October 1, 1956. The result was the 1958 Act, under which plaintiff, a pre-October 1, 1956 survivor, has filed her claim in this case. In the 1958 Act the Congress sought to benefit those annuitants and their survivors who faced the greatest need and whose incomes were believed to be in many instances inadequate to maintain a decent standard of living. In the words of the House Committee which considered the bill,

> "Relief of hardship in such cases constitutes a moral obligation on the part of the Government which in an inflationary economy warrants the extension of benefits above and beyond those already provided by law. Those annuitants, on small, fixed incomes, are the real victims of inflation. They have but one source of relief; that is, the Congress of the United States.[7]"

Plaintiff was the recipient of a small annuity of $63 per month based upon her husband's salary during the years 1950–55. Under the 1958 Act she would be entitled to an additional $6 per month. Her right to this small benefit should not be casually interpreted away.

Ironically, the very reason which caused plaintiff to be administratively excluded, her failure to attain the age of 50 before August 1, 1958, had long since ceased to be a requirement of eligibility

---

5. Section 1(b) (2).
6. Civil Service Retirement Act Amendments of 1956, Title IV, § 401, 70 Stat. 736, 743.
7. H.R.Rep. No. 1211, 85th Cong., 1st Sess. 2 (1957).

for a widow's annuity.[8] Even more ironically, pre-1948 widows, who had never before been entitled to a widow's annuity, were specifically granted annuities in the same 1958 Act which defendant maintains excludes plaintiff without having to wait until they were 50 years of age to qualify for payment.[9]

Defendant concludes its argument in its opposition brief with the following statement:

> " * * * the intent of Congress * * * clearly shows that Congress desired to grant an increase to those who were already receiving an annuity or who were eligible to receive an annuity on August 1, 1958, and not to grant an increase to a class of potential annuitants who might become eligible for an annuity at some future date."

We have already said enough to indicate that this statement is incorrect. Passing over, without comment, defendant's questionable implication that 1948–1956 widows, still alive and unremarried, but not yet 50 years of age on August 1, 1958, were a class of "potential annuitants," it is possible to demonstrate that the Congress did indeed extend the benefit of the annuity increase in the 1958 Act to a whole class of annuitants which was undoubtedly "potential." The Congress specifically provided in the same subsection (b) under which plaintiff claims that the survivors of retirees receiving or entitled to receive annuities on August 1, 1958, based on service prior to October 1, 1956, should be entitled to the benefit of the increase commencing on the date of the survivor annuity. Thus it was within the policy of the 1958 Act to provide for both present and future annuitants and their survivors, including a future class of the latter whose number was unknown and unknowable on August 1, 1958. For instance, wives who became widows of retirees after August 1, 1958, though not even identifiable as widows on that date, would be eligible for the increase when at some future date they should become eligible for a widow's annuity as a result of the death of their retired husbands. Plaintiff cannot be excluded on the ground that she was a potential annuitant whom the Congress had no intention of aiding.

We conclude that defendant's reasons for excluding plaintiff from the benefits of the 1958 Act are without merit. Plaintiff was a survivor who, on August 1, 1958, was entitled to receive an annuity based on service which terminated prior to October 1, 1956, within the meaning of the Act.

The Congress had provided a salary increase, effective October 1, 1956, which carried with it an automatic increase of retirement pay. It sought by the 1958 Act also to provide increases for those annuitants and their survivors whose service had terminated prior to October 1, 1956, and whose annuities were based upon the lower salaries which prevailed in that period. Under defendant's interpretation, the only ones who would be left out would be the comparatively few widows who had acquired established rights to annuities through the death of their husbands prior to October 1, 1956, but who had not actually reached the age when payments under their established rights would begin.

Defendant would have us so interpret the law as to exclude this small group of annuitants who otherwise would be entitled to be treated on a basis of equality with other pre-October 1, 1956 annuitants and their survivors.

We are unwilling to make such a discriminatory interpretation. The language of the Act does not require such a strained interpretation and the ends of justice do not call for it.

Plaintiff's motion for summary judgment is granted, and defendant's cross-

---

8. The Civil Service Retirement Act Amendments of 1956, § 10(c), 70 Stat. 754, 5 U.S.C. § 2260(c) (1958), as amended, § 2260(c) (Supp. III, 1959–61).

9. Act of June 25, 1958, § 2, 72 Stat. 218, 219.

motion for summary judgment is denied. The plaintiff is entitled to recover from the defendant the additional sum of six dollars for each month from September 1, 1958, to date of judgment, and judgment is entered to that effect, the amount to be determined pursuant to Rule 38(c).

DAVIS, DURFEE, LARAMORE and WHITAKER, Judges, concur.