Mary L. FAGNER, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant-Appellee.

No. 85–1543.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1985.

Dec. 27, 1985.

R.A. Melkonoff, Gorey, Delaney & Melkonoff, Phoenix, Ariz., for plaintiff-appellant.

Joseph Stein, Office of the Regional Attorney, San Francisco, Cal., for defendant-appellee.

Before ANDERSON, FARRIS, and NELSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Mary Fagner (claimant) appeals from the district court's decison granting summary judgment to Margaret Heckler, Secretary of Health & Human Services (Secretary) based on an administrative decision which held that Section 1127 of the Social Security Act, 42 U.S.C. § 1320a–6, applied to claimant. Claimant alleges that the Secretary erroneously used Section 1127 to deny her the full extent of retroactive payments of disability insurance. We agree with claimant and reverse the district court.

## BACKGROUND

Claimant filed applications for insurance benefits and Supplemental Security Income (SSI). An administrative decision rendered June 25, 1981 found that claimant was entitled to a period of disability commencing February 8, 1980 and to both disability insurance benefits and SSI disability benefits. Following further required administrative processing, an SSI award certificate was issued on August 6, 1981 and a disability insurance benefit award certificate was issued on September 21, 1981. Claimant was told both the amount and the beginning date of her disability insurance benefits. However, she was also informed that her benefits for August 1980 through July 1981 would be withheld and that if she had received SSI benefits for that period of time, Section 1127 of the Social Security Act (the Act) required that the benefits be reduced.

Section 1127 of the Act provides that where an individual entitled to retroactive disability insurance benefits under Title II of the Act has received retroactive SSI benefits under Title XVI for the same period, Title II benefits must be reduced by the amount of SSI benefits that would not have been paid if the Title II benefits had been paid when due. This provision became effective July 1, 1981.

Claimant received $2,726.52 as payment of all supplemental security income through August 1981. The Secretary subsequently determined that claimant's retroactive disability insurance benefit payment was subject to a reduction of $2,103.46 as a result of the SSI payments she had already received for the months of August 1980 through July 1981. The reduction was upheld upon claimant's request for reconsideration. Claimant then requested an administrative hearing. The administrative law judge (ALJ) held that Section 1127 of the Act applied to claimant's case on the ground that there was no final adjudication on her claims until after July 1, 1981. The Appeals Council denied review, thereby making the ALJ's decision the final decision of the Secretary. The action is now

before this court on appeal of the district court's summary judgment for the Secretary.

## DISCUSSION

■ A review of a district court's grant of summary judgment is *de novo*. *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir.1984). The reviewing court need only decide whether there are any genuine issues of material fact remaining and whether the substantive law was correctly applied. *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984).

■ Since the facts are undisputed, this case is purely a matter of statutory interpretation. As such, it is a question of law subject to *de novo* review. *Southeast Alaska Conservation Council, Inc. v. Watson*, 697 F.2d 1305, 1309 (9th Cir.1983). The reviewing court should accord great weight to an agency's interpretation of statutes. *Nance v. Environmental Protection Agency*, 645 F.2d 701, 714 (9th Cir.), *cert. denied*, 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981). However, an agency's interpretation is not always infallible, and the courts must remain the final authorities on critical questions of statutory construction. *Patagonia Corp. v. Board of Gov. of the Fed. Res. System*, 517 F.2d 803, 812 (9th Cir.1975). There is no requirement that the courts must defer to an agency's interpretation when there are compelling indications that the agency's interpretation is wrong. *Patagonia*, 517 F.2d at 812. We hold that in this case there are compelling indications that the Secretary erroneously interpreted the statute in question.

■ The first compelling indication is that the ALJ determined claimant's entitlement on June 25, 1981, eight days before Section 1127 became effective. A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. Therefore, the court must look to the ordinary meaning of the term "entitle" at the time Congress enacted the Act. *Perrin v. United*

*States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). In the ordinary use of English, "entitled" means "to give right or legal title to, qualify (one) for something; furnish with proper grounds for seeking or claiming something." Webster's Third New International Dictionary 758 (1976). *See also Merrill v. United States*, 338 F.2d 372, 374, 168 Ct.Cl. 1 (1964); *Hurtt v. United States*, 309 F.2d 404, 406, 159 Ct.Cl. 126 (1962). In legal parlance, the same type of usage can be found. Black's Law Dictionary 477 (rev. 5th ed. 1979).

■ Using this fundamental rule of statutory construction, claimant had "right or legal title to" the disability benefits on June 25, 1981. As of this date, she had "qualified" for those benefits and had "furnished proper grounds for seeking or claiming" such benefits.

The second indication is that no appeal was taken from the June 25, 1981 decision. The Secretary stresses the fact that the administrative judge's decision was reviewable by the Appeals Council for a sixty-day period, either on the Council's motion or at claimant's request. This period, however, does not stay the decision and, unless overruled, it becomes final on the date it was rendered. Because no further action was taken disputing the June 25, 1981 decision, it had the effect of a final entitlement decision. In fact, no further determination was needed to find claimant "entitled" to monthly disability insurance benefits.

The Secretary disputes both these "compelling indications" by contending that the entitlement to the Title II payments was not actually established until the award certificate was issued on September 21, 1981. From June 25, 1981 to September 21, 1981, the Secretary was engaged in the administrative processing of claimant's entitlement. The Secretary argues that because Fagner's entitlement to a specific amount of benefit payments was not computed until September 21, 1981, she falls within the retroactive application of section 1127 (i.e., entitlements granted after July 1,

1981). This attempt to make the entitlement contingent until a specific amount is awarded finds no support in the statute. Section 501(d) of Public Law 96–265 refers only to Title II payments "entitlement for which is determined" on or after July 1, 1981. It does not require that the amount of the entitlement be settled before the entitlement itself is valid.

Furthermore, the Secretary admits that the process by which she issues the award certificate is distinct from the process by which Fagner claimed and won her entitlement. The process of issuing an award certificate does not alter in any way the ALJ's initial determination of entitlement.

### CONCLUSION

For the above reasons, we reverse the judgment of the district court and remand with instructions to enter judgment for claimant.