24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard Earl KING, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35664.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Earl King appeals pro se the district court's summary judgment in favor of the Secretary of Health and Human Services. He contends that the Secretary improperly offset his Title II disability benefits by the amount of Title XVI supplemental security income (SSI) benefits he had previously received. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Fagner v. Heckler, 779 F.2d 541, 543 (9th Cir.1985), and affirm.
 
 
 3
 King received disability benefits for the period July 1974 to May 1977. These payments ceased in August 1977, but he continued to receive SSI benefits. Beginning in May 1977, King filed several applications for disability benefits for the period after May 1977. These applications were denied until May 1989, when the Secretary decided that King's disability did not cease in May 1977, but rather continued at least until May 1989. The Secretary awarded retroactive payment of disability benefits for the period May 1977 to May 1989, but offset that award by $29,313.92, the amount of SSI benefits King had received during that period.
 
 
 4
 When an individual has received SSI benefits and "is entitled to benefits [under Title II] that were not paid in the months in which they were regularly due," retroactive payment of the Title II benefits "shall be reduced by an amount equal to so much of the supplemental security income benefits ... as would not have been paid ... if he had received ... benefits [under Title II] in the ... months in which they were regularly due." 42 U.S.C. Sec. 1320a-6(a)(2). The amount of SSI benefits an individual is eligible to receive under Title XVI is reduced by the amount of Title II disability benefits he received in the months they were due. 42 U.S.C. Sec. 1382a(a); Guadamuz v. Bowen, 859 F.2d 762, 764 (9th Cir.1988).
 
 
 5
 King became entitled to the retroactive Title II benefits in May 1989, when the Secretary awarded them. See Fagner, 779 F.2d at 543. Accordingly, the district court did not err by affirming the Secretary's determination that the offset provision of Sec. 1320a-6, which took effect in 1981, applies to King. See id.
 
 
 6
 King also contends that the district court erred by denying his claim that the Secretary improperly refused to reopen his first few applications for disability benefits. This contention lacks merit because in 1989 the Secretary reopened all of the applications and awarded Title II benefits for the entire period May 1977 to May 1989.
 
 
 7
 Finally, King contends that some of his Title XVI payments were improperly paid to the State of Washington. This contention lacks merit because the Social Security Act authorizes reimbursement to a state for interim assistance provided before SSI eligibility is determined. See 42 U.S.C. Sec. 1383(g). King appears to contend that the Secretary purposefully delayed awarding Title II benefits, and first awarded Title XVI benefits, because if Title II benefits had been calculated first, the state would not have been reimbursed, and he would have received more money. This contention lacks merit because under the second scenario, King would not have received any interim assistance from the state. See 42 U.S.C. Sec. 1383(g)(3) (defining interim asistance payments by state).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3