DANITO PADLO, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendant-Appellant.

Second District   No. 84—561

Opinion filed March 8, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Katherine M. Marshall and Karen Konieczny, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Katherine Bissell, of Prairie State Legal Services, of Geneva, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This is an appeal from the order of the circuit court of Du Page County remanding for a new hearing the final administrative decision of the Illinois Department of Public Aid (Department) which temporarily reduced the amount of the plaintiff's public assistance grant. The circuit court concluded that the Department's policy of conducting benefit reduction hearings via teleconference phone calls failed to afford the plaintiff, Danita Padlo, constitutional due process and violated both the Illinois Public Aid Code and the Illinois Administrative Procedure Act. This court granted the petition for leave to appeal pursuant to Supreme Court Rule 306. Since we hold the Department's policy violated sections 11—8.1 and 11—8.2 of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, pars. 11—8.1, 11—8.2), we affirm.

Prior to January 1983, Danito Padlo received $250 per month in Aid to Families with Dependent Children (AFDC) benefits. As an AFDC recipient, Padlo was required to participate in the Win Demonstration Program (WDP), which is designed to help AFDC recipients locate and obtain employment. The program requires the AFDC recipient to make 20 employer contacts within a 30-day period. Individuals who fail or refuse to participate in the program, without good cause, are subject to various sanctions, including reduction of benefits for a three-month period.

Padlo began the program on October 6, 1982, but failed to make a single employer contact by her October 29, 1982, appointment. Padlo then failed to make her November 12, 1982, appointment, but did mail in a list which showed only four employer contacts. Padlo also failed to make her November 24, 1982, and December 9, 1982, appointments. Padlo gave several reasons for her failure to meet the program's requirements, including being evicted in mid-October, lack of transportation and her child's illness in November.

On January 10, 1983, Ms. Padlo was sanctioned for "noncooperation," and her AFDC grant was reduced for a three-month period. Ms. Padlo appealed the imposition of this sanction, and a hearing

was held on February 7, 1983, at the Du Page County Department of Public Aid. Ms. Padlo, her attorney and three caseworkers from the Department were present. The hearing officer, Esther Fishman, was in Chicago and conducted the hearing via a teleconference phone call. Ms. Fishman convened the hearing, swore witnesses, heard oral testimony, recorded the testimony, admitted documents which were then mailed to her and questioned witnesses. The issue at the hearing was whether Ms. Padlo had good cause for her failure to participate in the WDP.

After hearing the testimony and considering the documentary evidence, Ms. Fishman submitted her findings of fact to the Director. The Director determined that Ms. Padlo had not cooperated with the WDP and on February 18, 1983, affirmed the decision to reduce her AFDC benefits. On March 18, 1983, Ms. Padlo filed a complaint for administrative review in the circuit court of Du Page County. On May 15, 1984, the circuit court remanded the matter to the Department for a new hearing. The court found: (1) that conducting the hearing by telephone deprived Ms. Padlo of the constitutional guarantees of due process; (2) that the use of a telephonic hearing violated the Public Aid Code and (3) that the use of a telephonic hearing violated the Administrative Procedure Act.

The Illinois Public Aid Code sets forth procedures for processing appeals under the AFDS program:

> "Upon receipt of an appeal the Illinois Department, Public Aid Committee, or Commissioner of Appeals, as the case may be, shall review the case. The appellant shall be entitled to appear *in person* and to be represented by counsel. He shall be afforded an opportunity to present all relevant matter in support of his claim for aid, or his objection to (a) termination of aid, or (b) the amount of aid, or (c) a determination to make a protective payment." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 23, par. 11—8.1.
>
> "The appeal shall be heard *in the county where the appellant resides.* However, if the appellant is outside the state, the Illinois Department, Public Aid Committee, or Commissioner of Appeals, as the case may be, make take depositions from him and his witnesses or permit the appellant to present all relevant matter in support of his claim through witnesses acting in his behalf, or both by deposition or by testimony of witnesses, depending upon the circumstances in each case." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 23, par. 11—8.2.

The Appellate Court for the Third District addressed this precise

issue in *Sleeth v. Department of Public Aid* (1984), 125 Ill. App. 3d 847, where it held that the Department's policy of holding appeal hearings by teleconference phone calls violated the Illinois Public Aid Code. The court reasoned:

"The essence of a hearing is the opportunity to be heard by the listener. One can be heard by written affidavit, by closed circuit television, by video tape recording, by telephone or by actual appearance. Each method offers an opportunity to be heard, but only with the last mentioned method is the *situs* of the hearing—is the place where the listener hears—in the actual presence of the speaker.

In the instant case, the listener was not one of the local office personnel in Peoria, but the officer or officers located in Chicago. The speakers were the plaintiffs, and under the procedures followed by the IDPA, the plaintiffs were not present at the *situs* of the hearing. It follows then that the hearing was not conducted in the county of the plaintiffs' residence. We must conclude that the procedures utilized by the IDPA for telephone conference hearings failed to meet statutory requirements of the Illinois Public Aid Code." 125 Ill. App. 3d 847, 852.

We agree that an appeal conducted by a teleconference phone call to a hearing officer located in a different county is not conducted "in person" or "in the county where the appellant resides" as required by sections 11—8.1 and 11—8.2 of the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, pars. 11—8.1, 11—8.2). We, therefore, affirm the circuit court's order remanding the matter to the Department for a new hearing.

Affirmed.

HOPF and STROUSE, JJ., concur.