**Harvinder Singh PURBA; Manjit Kaur Purba, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 88–7274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1989.

Decided Sept. 7, 1989.

Ronald T. Oldenburg, Honolulu, Hawaii, for petitioners.

Donald A. Couvillon, Steven Richards Valentine, Deputy Asst. Atty. Gen., Office of Immigration Litigation, Dept. of Justice, Washington, D.C., for respondent.

Before GOODWIN, Chief Judge, HUG and TANG, Circuit Judges.

HUG, Circuit Judge:

Harvinder Singh and Manjit Kaur Purba petition us to review the decision of the Board of Immigration Appeals ("BIA") finding them deportable from the United States. The Purbas present a question of first impression in this circuit about the manner in which a deportation hearing must be conducted. Rather than having the proceedings conducted physically before the immigration judge ("IJ"), the hearing was conducted over the telephone. The Purbas contend that this telephonic hearing violated section 242(b) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1252(b) (1982), which requires a proceeding before an immigration judge to determine deportability. Because we agree with the Purbas that "before" in section 242(b) means in the physical presence of the IJ, we reverse the BIA and remand for rehearing.

I.

The Purbas, a married couple, are natives of Kenya and citizens of the United Kingdom who were found to be deportable at a telephonic deportation hearing on October 29, 1984. The IJ presided in the immigration courtroom in the federal building in San Diego, California, while the Purbas and their attorney were present in the INS office in Honolulu, Hawaii. The IJ conducted the hearing over the telephone, despite the Purbas' vigorous objections to the absence of a face-to-face meeting. He found the Purbas deportable. The INS appears to have used such telephone hearings for deportation only in Honolulu and Agana, Guam.

On appeal to the BIA, the Purbas raised their objection to the telephonic hearing, among other issues. The BIA found no error in relation to the hearing and dismissed the appeal. It granted the Purbas voluntary departure. The Purbas filed a petition for review in this court within the time specified by statute. 8 U.S.C. § 1105a(a)(1) (1982). We take jurisdiction under 8 U.S.C. § 1105a(a).

## II.

The dispute in this case centers around the meaning of section 242(b), the Code provision which sets out the procedures for deportation hearings. The section provides in relevant part:

Determination of deportability in any case shall be made only upon a record made in a proceeding before a special inquiry officer, at which the alien shall have reasonable opportunity to be present, unless by reason of the alien's mental incompetency it is impractical for him to be present, in which case the Attorney General shall prescribe necessary and proper safeguards for the rights and privileges of such alien.

8 U.S.C. § 1252(b). "Special inquiry officer" is synonymous with immigration judge. 8 C.F.R. § 1.1(l) (1988). The INS contends that "before" in the statute's context does not mean "in the physical presence of" the IJ, and that in this case the credibility of witnesses was not at issue and, thus, a telephonic deportation hearing was suitable. Guided by well-established canons of statutory interpretation, we conclude that section 242(b) requires that the hearing be conducted with the hearing participants in the physical presence of the IJ.

We review *de novo* an agency's interpretation of a statute. *Ramirez–Ramos v. INS*, 814 F.2d 1394, 1396 (9th Cir.1987). Although an agency's construction of a statute that it is charged with administering is entitled to some deference, we keep in mind that the courts are the final arbiters of statutory interpretation. *California v. FERC*, 877 F.2d 743, 745 (9th Cir. 1989) (citing *Federal Election Comm'n v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 31–32, 102 S.Ct. 38, 41–42, 70 L.Ed.2d 23 (1981)). Reviewing courts " 'must not rubber stamp ... administrative decisions that they deem inconsistent with a statutory mandate.' " *Bureau of Alcohol, Tobacco & Firearms v. FLRA*, 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983) (quoting *NLRB v. Brown*, 380 U.S. 278, 291–92, 85 S.Ct. 980, 988–89, 13 L.Ed.2d 839 (1965)); *See also Sunshine Health Sys. v. Bowen*, 809 F.2d 1390, 1394 (9th Cir.1987) (we must reject an agency's interpretation that is inconsistent with the statute's meaning).

When interpreting a statute, our objective is to ascertain and enforce the intent of Congress. *Bresgal v. Brock*, 843 F.2d 1163, 1166 (9th Cir.1988). We assume that Congress expresses its intentions in the words it uses, *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164, 105 S.Ct. 638, 645, 83 L.Ed.2d 556 (1985); *Moorhead v. United States*, 774 F.2d 936, 941 (9th Cir.1985), and that these words take their ordinary, contemporary, common meaning, unless otherwise defined, *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); *Fagner v. Heckler*, 779 F.2d 541, 543 (9th Cir.1985). The relevant dictionary definition of the word "before" is "in the presence of," "in sight of," or "face-to-face with" an object or other person. *Webster's Third New International Dictionary Unabridged* 197 (1976). This definition could not be clearer. "Before" means being in the physical presence of something or someone. In the context of section 242(b), we conclude that Congress used "before" to require the appearance of the IJ and the persons charged in each other's physical presence during the course of a deportation proceeding.

We find no evidence of congressional intent to depart from the ordinary meaning of the word "before." Absent a clear expression of a contrary intention, we must regard section 242(b)'s plain meaning as conclusive. *Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984). A telephonic hearing does not conform to the plain meaning of section 242(b). In the instant case, the telephonic hearing was apparently conducted as a convenience to the INS because of the distance from the mainland to Hawaii and Guam. However, this cannot justify depriving parties of their statutory procedural rights to a hearing in the physical presence of the IJ, absent their consent.

The INS asks us to depart from the plain meaning of the statute in cases where credibility of witnesses is not in issue. This

would invite a case-by-case determination of whether credibility was an issue in each case where a telephonic hearing was held. We believe this to be unwise, leading to unnecessary appellate issues. We consider a bright line rule to be far preferable. Moreover, the significant point is that a judicial reworking of the statute would invade the province of Congress. Until Congress chooses to change the wording of the statute, telephonic hearings by an IJ, absent consent of the parties, simply are not authorized by statute.

## CONCLUSION

We reverse the BIA's dismissal of the Purbas' appeal. We remand the case for rehearing in the physical presence of an immigration judge.

REVERSED and REMANDED.