## Ayers v. Steinbacker
*[Cite as 2 AOA 21]*

*Case No. C-890068*
*Hamilton County, (1st)*
*Decided April 4, 1990*

*R.C. 4141.06*
*R.C. 4141.28*

Charles T. Lester, Jr., Esq., P.O. Box 69, Fort Thomas, Kentucky 41075, for Plaintiff-Appellee,

Anthony J. Celebrezze, Jr., Attorney General of Ohio, and James John Schubert, Esq., 145 South Front Street, Columbus, Ohio 43215, for Defendants-Appellants.

*Per Curiam.*
This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and the arguments of counsel.

The Ohio Bureau of Employment Services denied the unemployment-compensation claim of plaintiff-appellee Douglas L. Ayers, and appellee appealed to the Ohio Unemployment Compensation Board of Review (Board) pursuant to R.C. 4141.28. The Board's appointed referee notified the interested parties that the hearing on appeal would be conducted by telephone and mailed the parties instructions as to how the hearing would proceed. Appellee objected in writing to the proposed telephonic hearing and requested that it be changed to an "in-person" hearing. The record indicates that the Board received appellee's written objection and request, but there

is nothing to show a ruling or response from the Board. The telephonic hearing took place, and the resulting decision was a denial of appellee's claim.

Appellee timely appealed to the Hamilton County Common Pleas Court pursuant to R.C. 4141.28(O). The common pleas court declared the telephonic hearing to be in error, reasoning that the Board did not demonstrate regulations regarding telephonic hearings to comport with due-process requirements. The common pleas court, therefore, remanded the matter for a "live," in-person hearing in accordance with law. This timely appeal followed.

Three assignments of error have been advanced by appellants:

"The court of common pleas erred in finding that due process ensured by the Fourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution requires the Ohio Unemployment Compensation Board of Review to formally codify procedures for conducting administrative appeal hearings by telephone.

"The court of common pleas erred in finding that the referee who conducted the Board of Review hearing took inadequate precautions to ensure the identity of witnesses.

"The court of common pleas erred in finding that the referee who conducted the Board of Review hearing neglected to require witnesses to submit documents to which the witnesses referred during their testimony."

Addressing the first assignment of error, we find no provision in either the statutes or the administrative regulations for a telephonic hearing. R.C. 4141.06 and 4141.28(K) refer to a hearing on appeal "before" the board and "before" the referee. We are persuaded by the rationale in *Purba v. I.N.S.* (C.A. 9, 1989), 884 F.2d 516, that the term "before" in R.C. Chapter 4141 means in the physical presence of the Board or the referee. Webster's New Third International Dictionary defines "before" in the instant context, "* * * 2a: in the presence of: in sight or notice of; b: face to face with * * *." We, therefore, determine that the statute clearly and unambiguously provides only for a hearing in the presence of the Board or referee, and that, until the legislature chooses to change the wording of the statute, telephonic hearings by the Board or referee, absent consent of the parties, are not authorized by statute. We affirm the common pleas court's determination that the telephonic hearing does not pass due-process muster because appellee's rights were violated when he was forced to submit to an unauthorized hearing, over his objection.

Appellants' second and third assignments of error are subsumed in our holding in response to the first assignment.

*Judgment affirmed.*

UTZ, P.J., DOAN and KLUSMEIER, JJ.