425 S.E.2d 123

**Ronald G. PARKS, Petitioner,**

v.

**BOARD OF REVIEW OF the WEST VIRGINIA DEPARTMENT OF EMPLOYMENT SECURITY; James G. Dillon, as Chairman Thereof; G. Charles Hughes and Jane Doe, as Members Thereof; and Charles T. Cunningham, Administrative Law Judge, Respondents.**

No. 21418.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 4, 1992.

Decided Dec. 11, 1992.

448

Norman Googel, John S. Whitelaw, Appalachian Research & Defense Fund, Inc., Welch, for petitioner.

Samuel P. Cook, Sr. Asst. Atty. Gen., Charleston, for respondents.

MILLER, Justice.

In this original proceeding in mandamus,[1] we are asked to determine the validity of a practice of the Board of Review (Board) of the West Virginia Department of Employment Security (Department) requiring telephonic hearings in certain unemployment compensation cases. The petitioner contends that he is entitled to a hearing at which he can appear in person to present evidence regarding his unemploy-

---

1. The petitioner sought relief in both mandamus and prohibition. We believe this matter is more properly treated as a petition for a writ of mandamus. *See* W.Va.Code, 53–1–1 (1923).

ment compensation claim. We agree, and we grant the writ of mandamus prayed for.

## I.

The facts are essentially undisputed. On May 7, 1992, the petitioner, Ronald G. Parks, a resident of McDowell County, left his employment, allegedly as a result of harassment and threats by his supervisor. On June 8, 1992, the petitioner filed a claim for unemployment compensation benefits at the Department's Welch office. The claim was denied by a deputy commissioner on the same day. The petitioner appealed this decision.

It is the Board's policy to employ part-time administrative law judges to hold hearings on such appeals at the Department's various claims offices throughout the State. If a claim is filed at the Welch office, however, the Board apparently requires the appeal hearing to be conducted by telephone.[2] The Board's stated reason for this policy is "that the cost of sending part-time administrative law judges to these border county locations would add an additional expense to the claims process."

By letter dated June 15, 1992, the petitioner requested an in-person hearing on his appeal, rather than a telephonic hearing. The petitioner, through counsel, indicated his willingness to travel to either Bluefield or Beckley, the closest cities in which in-person appeal hearings are regularly conducted. The Board did not formal-

ly rule on this request. Instead, the petitioner subsequently received a written notice of hearing advising him that the appeal hearing would be conducted by telephone.[3]

On September 8, 1992, the petitioner instituted this proceeding in mandamus to compel the Board to grant him an in-person appeal hearing. At the petitioner's request, the Board has agreed to continue generally the hearing pending this Court's decision.

## II.

In order to resolve this dispute, it is necessary to outline briefly the statutory procedures for processing an unemployment compensation claim. W.Va.Code, 21A–7–1, *et seq.* Once a claim for unemployment compensation has been filed, a deputy commissioner (deputy) conducts an investigation of the claim pursuant to W.Va.Code, 21A–7–4(a) (1972). Under W.Va.Code, 21A–7–4(b) (1972), the employer is entitled to notice and a right to respond, and any party may request, within four days, a hearing before the deputy. W.Va.Code, 21A–7–4(b), authorizes an initial hearing before the deputy if a timely request therefor is made: "Such hearing shall be informal in nature, but shall afford the parties reasonable opportunity to present, in person, information relevant to the eligibility and disqualification of the claimant." [4]

---

**2.** In its response to the petition for mandamus, the Board explains this policy: "It is the ... policy of the Respondent to set cases for telephonic hearings upon the request and agreement of both parties, or involuntarily if either party must travel a distance of about fifty miles or more, depending on the relative quality of the transportation system, or if a case is filed at the [Itinerant] Offices in Williamson, which serves Mingo County, Welch which serves McDowell and parts of Wyoming County, or [Keyser], which serves Mineral, Hampshire and parts of Grant County."

**3.** The relevant portion of the notice of hearing, dated August 7, 1992, reads:
"This appeal hearing will be conducted by means of teleconferencing. To initiate the hearing, you must notify the Board of a telephone number where you may be contacted on the day of the hearing. You may provide us with your number by calling 1–800–635–

0189 any day up to and including the day of the hearing. Failure to contact this office with a number prior to the hearing will result in that party not being included in the scheduled hearing or of a dismissal of the case for failure of the appellant to appear and prosecute the claim. When calling, please ask for the Docket Clerk.

\*   \*   \*   \*   \*   \*

"The above parties are further hereby notified that a hearing will be held on the appeal on Wednesday, August 19, 1992, at 3:00 P.M., by teleconference. Calls will be made on eastern standard time or eastern daylight saving time, whichever is in effect."

**4.** W.Va.Code, 21A–7–4(b), states:
"Upon the filing of any claim for benefits, notice thereof shall promptly be given by the commissioner or his designee to the employer concerned, in writing. The employer shall

W.Va.Code, 21A–7–8 (1978), provides a right to an appeal from the decision of the deputy and to "a fair hearing and reasonable opportunity to be heard before an appeal tribunal[.]"[5] Under W.Va.Code, 21A–7–7 (1981), the Board determines the manner of hearing such appeals and the composition of the appeal tribunal, which, except in labor dispute cases, may consist of "a single administrative law judge; a tribunal of three administrative law judges assigned by the board; a member of the board; or the board itself." The decision of the appeal tribunal may be appealed to the Board under W.Va.Code, 21A–7–9 (1972).[6]

## III.

As we have already noted, it is the policy of the Board to require telephonic hearings of appeals from deputy decisions in claims emanating from the Department's Welch office. The exact scope of these hearings is not clear. Despite its authority to establish procedural regulations,[7] the Board has not seen fit to promulgate such regulations with regard to telephonic appeal hearings. Nor have rules for telephonic appeal hearings been issued under the Commissioner's rule-making authority contained in W.Va. Code, 21A–7–1 (1936).[8]

The Board has promulgated administrative regulations governing the conduct of hearings by an appeal tribunal generally. One such regulation provides:

"Hearings will be conducted informally and in such manner as to ascertain the substantial rights of the parties. All issues relevant to the appeal shall be considered and passed on. Any individual party to an appeal, or the duly qualified attorney-at-law representing any party, individual or corporate, may cross-examine adverse parties and witnesses for adverse parties. The appeal tribunal may conduct such inquiries as it deems necessary." 84 C.S.R. § 1–2.3(a).

There is also a Board regulation which allows for the subpoena of witnesses:

"Subpoenas to compel the attendance of witnesses or the production of papers for any hearing of an appeal will be issued by the Board of Review or by the appeal tribunal before which the appeal is to be heard, upon timely written application showing a necessity therefor filed by a party to the appeal." 84 C.S.R. § 1–4.1(a).

have a period of four calendar days from the receipt of such notice within which to furnish to the deputy or his local office initial information respecting the claim and the facts and circumstances pertaining to the claimant's unemployment. If, within said four-day period, any party shall request a hearing before the deputy, such hearing shall be held ... within five calendar days of receipt of such request. Such hearing shall be informal in nature, but shall afford the parties reasonable opportunity to present, in person, information relevant to the eligibility and disqualification of the claimant."

5. W.Va.Code, 21A–7–8, states, in relevant part: "Upon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard before an appeal tribunal as provided in section seven [§ 21A–7–7] of this article...."

6. W.Va.Code, 21A–7–9, provides:
"A claimant, last employer, or other interested party may file an appeal to the board from the decision of an appeal tribunal within eight calendar days after notice of the decision has been delivered or mailed to the claimant and last employer. The commissioner shall be deemed an interested party.

The decision of the appeal tribunal shall be final unless an appeal is filed within such time."

7. W.Va.Code, 21A–7–13 (1939), provides:
"The board shall establish, and may from time to time modify and amend, rules and regulations for:
"(1) The conduct and determination of benefit cases appealed to it, or to an appeal tribunal;
"(2) The form of all papers and records thereof;
"(3) The time, place, and manner of hearings;
"(4) Determining the rights of the parties; and the rules need not conform to the common-law or statutory rules of evidence and procedure and may provide for the determination of questions of fact according to the predominance of the evidence."

8. W.Va.Code, 21A–7–1, states: "Claims for benefits shall be made in accordance with the rules and regulations prescribed by the commissioner." The Commissioner of Employment Security acts as the administrative director of the Department. See W.Va.Code, 21A–2–1, et seq.

These provisions clearly contemplate an evidentiary hearing before the appeal tribunal.

The Board contends that all of these requirements are satisfied by the telephonic appeal hearings conducted in cases such as the petitioner's. It asserts that such telephonic hearings are conducted in exactly the same way as an in-person hearing would be conducted.

This argument, however, ignores the mandate of the statutory provisions relating to hearings. Certainly, the statutory provisions with regard to initial hearings before a deputy under W.Va.Code, 21A–7–4(b), are unambiguous as to a party's right to an in-person hearing if timely exercised. W.Va.Code, 21A–7–4(b), provides for an initial informal hearing before the deputy which "shall afford the parties reasonable opportunity to present, *in person*, information relevant to the eligibility and disqualification of the claimant." (Emphasis added). The obvious purpose of the initial hearing is to enable the parties to present evidence to support their respective contentions.

The parties have only a limited time period, however, in which to request an initial hearing. In this case, the claim was denied by the deputy at the Welch office the same day it was filed. Consequently, there was no opportunity for an initial hearing. The Legislature, in apparent recognition that a deputy may rule on an unemployment compensation claim without conducting an initial hearing, has provided a statutory right to a hearing of an appeal from the deputy's decision. W.Va.Code, 21A–7–8, grants to either party the right to an appeal from a deputy's ruling and provides that such party "shall be entitled to a fair hearing and reasonable opportunity to be heard *before* an appeal tribunal[.]" (Emphasis added).

Similar language was considered in *Purba v. Immigration & Naturalization Service*, 884 F.2d 516 (9th Cir.1989), which involved Section 242(b) of the Immigration and Nationality Act of 1952. This provision stated that a "[d]etermination of deportability ... shall be made only upon a record made in a proceeding *before* a spe-

cial inquiry officer[.]" 8 U.S.C. § 1252(b) (1982). (Emphasis added). Mr. and Mrs. Purba lived in Hawaii. Over their vigorous objections, the Immigration and Naturalization Service hearing officer conducted a deportation hearing by telephone from the immigration courtroom in San Diego, California. As a result of this telephonic hearing, the Purbas were ordered deported. The Purbas appealed on the ground that they were entitled under the statute to a face-to-face hearing before the immigration judge.

On appeal, the Court of Appeals reversed, holding the hearing procedure to be invalid:

"The relevant dictionary definition of the word 'before' is 'in the presence of,' 'in sight of,' or 'face-to-face with' an object or other person. *Webster's Third New International Dictionary Unabridged* 197 (1976). This definition could not be clearer. 'Before' means being in the physical presence of something or someone. In the context of section 242(b), we conclude that Congress used 'before' to require the appearance of the [Immigration Judge] and the persons charged in each other's physical presence during the course of a deportation proceeding.

"We find no evidence of congressional intent to depart from the ordinary meaning of the word 'before.' Absent a clear expression of a contrary intention, we must regard section 242(b)'s plain meaning as conclusive.... A telephonic hearing does not conform to the plain meaning of section 242(b)." 884 F.2d at 517. (Citation omitted).

Much the same result was reached in *Sleeth v. Illinois Department of Public Aid*, 125 Ill.App.3d 847, 81 Ill.Dec. 117, 466 N.E.2d 703 (1984), which involved appeals of denials of public assistance. The statute provided "[t]he appellant shall be entitled to appear in person and ... afforded an opportunity to present all relevant matter in support of his claim for aid[.]" Ill.Rev. Stat. ch. 23, para. 11–8.2 (1983). The court found that the "telephone conference hearings failed to meet statutory requirements of the Public Aid Code." 125 Ill.App.3d at

852, 81 Ill.Dec. at 121, 466 N.E.2d at 707. *See also Detroit Base Coalition for Human Rights v. Department of Social Servs.*, 431 Mich. 172, 428 N.W.2d 335 (1988); *Knisley v. Commonwealth of Pa. Unemployment Comp. Bd. of Review*, 93 Pa.Commw. 519, 501 A.2d 1180 (1985). *See generally* Annot., 88 A.L.R.4th 1094 (1991) (telephone testimony in public welfare claims hearings).

 We decline to accept the Board's claim that telephonic hearings are cost effective as a justification for compelling such hearings over a party's objection where the statutory framework clearly contemplates a right to be heard in person. Our rule of statutory construction is set out in Syllabus Point 1 of *Peyton v. City Council of Lewisburg*, 182 W.Va. 297, 387 S.E.2d 532 (1989):

> " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)."

The plain meaning of our unemployment compensation statutes compels the conclusion that where a party requests a hearing before an unemployment compensation appeal tribunal under W.Va.Code, 21A–7–8, such party may not be required, over objection, to submit to a telephonic hearing.

Our traditional rule with regard to the appropriateness of mandamus is that a writ of mandamus will issue when three elements coexist: (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy. *E.g., Halstead v. Dials*, 182 W.Va. 695, 391 S.E.2d 385 (1990); *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983); *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981); *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). In Syllabus Point 4 of *Halstead of Dials, supra*, we stated:

> " 'Mandamus will not be denied because there is another remedy, unless

such other remedy is equally beneficial, convenient and effective.' Syllabus Point 2, *Stowers v. Blackburn*, 141 W.Va. 328, 90 S.E.2d 277 (1955)."

Here, the petitioner expressly requested an in-person appeal hearing and objected to the use of telephonic hearings for resolution of his unemployment compensation claim. The petitioner expressed his willingness to travel to a location where in-person hearings were regularly held. In such circumstances, we must conclude that the petitioner has a clear statutory right to an in-person hearing and that the Board has a countervailing duty to supply it. Accordingly, we conclude that a writ of mandamus should issue.

### IV.

For the reasons stated above, a writ of mandamus is issued directing the respondents to provide the petitioner with an in-person hearing of his unemployment compensation appeal.

Writ granted.