## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**LIGHTNING ENERGY SERVICES, LLC,**
**Petitioner Below, Petitioner**

**vs.) No. 13-1242 (Kanawha County No. 13-AA-77)**

**BOARD OF REVIEW, WORKFORCE WEST VIRGINIA,**
**RUSSELL L. FRY, AS COMMISSIONER AND/OR**
**ACTING EXECUTIVE DIRECTOR OF WORKFORCE**
**WEST VIRGINIA, JACK CANFIELD, AS CHAIRMAN OF**
**THE BOARD OF REVIEW, WORKFORCE WEST VIRGINIA,**
**AND AARON S. Horne,**
**Respondents Below, Respondents**

**FILED**

**October 2, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Lightning Energy Services, LLC ("Lightning"), by counsel Amy M. Smith, appeals the November 6, 2013, order of the Circuit Court of Kanawha County that affirmed the final decision of the Board of Review of WorkForce West Virginia awarding unemployment compensation to Mr. Aaron Shane Horne ("Mr. Horne"). Mr. Horne, by counsel Gregory H. Schillace, filed a timely response.

This Court has considered the parties' briefs, the record on appeal, and oral argument. Upon consideration of the standard of review, the briefs, the record presented, and oral argument, the Court finds that the decision of the Circuit Court of Kanawha County deprived Lightning of "a fair hearing and reasonable opportunity to be heard before an appeal tribunal." Syl. pt. 2, in part, *Parks v. Board of Review of W. Va. Dep't of Emp't Sec.*, 188 W. Va. 447, 425 S.E.2d 123 (1992). This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On January 20, 2013, Mr. Horne filed a claim for unemployment compensation benefits. Accordingly, WorkForce West Virginia requested that Lightning, as Mr. Horne's last employer, complete a "Request for Separation Information" form to provide information pertaining to Mr. Horne's separation from its employ. On the form, a box was checked to indicate that Mr. Horne had been discharged from his employment. In the space provided

1

on the form for the employer to describe the "last incident that led to the discharge," Lightning stated:

> Person was Chief Operating Officer of company, reporting directly to Board of Directors, refused to communicate or answer phone calls of chairman over weekend of 1/11-13/2013, nor did he return urgent calls from Board members or chairman. Horne did not show up for work nor contact anyone regarding his absence. Horne abandoned his position on 1/14/2013. Horne did not take or make phone calls to chairman of the board. His desk was cleared and all personal effects were removed from office sometime between close of business 1/11/13 – and 7:30 am January 14 (1/14/13).
>
> It is our position Horne voluntarily left his position on 1/14/2013, official paperwork was completed 1/15/2013 stating he was discharged.

Mr. Horne was interviewed by WorkForce West Virginia on January 23, 2013, and stated:

> I was discharged from this employment by Tracy Turner, Chairman of the Board because I did not return a call to Tracy. I was out of service and working in the field. I spoke with Tracy the very next morning but it was not timely enough for him. This was the final incident that caused the discharge.

On January 30, 2013, WorkForce West Virginia issued its "Deputy's Decision" concluding that "claimant [Mr. Horne] is determined to have quit when he failed to show up for work on January 14, 2013 and failed to contact the employer. The claimant's office had been cleaned and all personal effect [sic] were removed during the weekend." Accordingly, the deputy ruled that Mr. Horne was disqualified from receiving unemployment benefits at this time because he "failed to provide this office with proof that the separation involved fault on the part of the employer." Mr. Horne requested an appeal of the deputy's decision.

Notice of Mr. Horne's requested appeal was issued by WorkForce West Virginia. The notice specified that the appeal hearing before the Administrative Law Judge ("ALJ") was to be held by teleconference on March 15, 2013, at 1:00 p.m. The notice set out the issue to be addressed during the telephonic hearing as follows: "[w]hether the claimant left work voluntarily without good cause involving fault on the part of the employer; or whether the claimant was discharged for misconduct, and if there was misconduct, was it simple or gross misconduct?"

2

During the hearing, Mr. Horne testified that he was terminated on January 15, 2013, and was paid his outstanding wages within seventy-two hours. He denied that he failed to return phone calls as Lightning had alleged. Mr. Horne admitted that he had cleaned out his office during the weekend prior to his firing. He explained that he had heard rumors of his impending firing and did not want to suffer the embarrassment of cleaning out his office after he had been discharged. Mr. Horne denied that he quit or abandoned his job.

Mr. Michael Iuliucci, Lightning's Chief Financial Officer, testified on behalf of Lightning. Mr. Iuliucci stated his belief that Mr. Horne had abandoned his job, and further testified that "[w]hen Mr. Horne came in at nine o'clock on Tuesday, the 15th, he was let known [sic] it was official he is no longer an employee of Lightning Energy because of his actions." Toward the end of Mr. Iuliucci's testimony, the ALJ asked if there was anything further Mr. Iuliucci wanted to say. Mr. Iuliucci stated that Mr. Horne had been charged with embezzling $16,000 from the company. The following exchange was then had between the ALJ and Mr. Iuliucci:

> [Iuliucci]    We have proof, checks signed by Mr. Horne from–
>
> [ALJ] Don't tell me what proof you have unless you intend to present it to me today.
>
> [Iuliucci]    I can fax it over to you –
>
> [ALJ] Nope, nope. If you looked at your Notice of Hearing, all written evidence must have been submitted more than 24 hours before today's hearing –
>
> [Iuliucci]    Okay.
>
> [ALJ] – and provided – you're not going to do it now. What proof do you have other than an allegation you've made that he is guilty of any crime?
>
> [Iuliucci]    I have plenty of proof, Your Honor. I have nothing I can – that you have in front of you.
>
> [ALJ] Well, I don't have it; I don't consider it. Is there anything else you want to tell me?
>
> [Iuliucci]    No sir.

3

Following the telephonic hearing, the ALJ issued his decision on March 22, 2013, reversing the decision of the deputy and ruling that Mr. Horne was not disqualified from receiving unemployment benefits based upon the fact that, although he had been discharged, his discharge was not for misconduct. The ALJ found that Mr. Horne had been terminated, ostensibly for failing to return a call to his superior, and for alleged acts of embezzlement. Due to the failure of the employer to provide proof of the allegations of embezzlement at the hearing, however, the ALJ found that there was no evidence to establish that Mr. Horne was guilty of embezzlement. Consequently, the ALJ concluded that,

> [t]he employer discharged this claimant. Therefore, the employer has the burden of establishing by a preponderance of the evidence that the claimant was guilty of misconduct . . . in order that the claimant be disqualified from receiving unemployment compensation benefits. The employer has failed to meet its burden of proof. Allegations of misconduct are not proof of misconduct. The claimant cannot be disqualified on the evidence presented.
>
> . . . .
>
> The decision of the deputy is reversed. The claimant was discharged but not for misconduct. The claimant is not disqualified.

Lightning appealed the ALJ's decision to the WorkForce West Virginia Board of Review ("Board of Review"). Lightning also submitted a separate request to the Board of Review seeking remand to the ALJ to present evidence pertaining to Mr. Horne's alleged embezzlement. Following a hearing, the Board of Review rendered its decision on May 21, 2013, stating that "[t]he Board of Review, having reviewed all documents in this matter, finds the Administrative Law Judge has made a proper ruling and adopts the finding of the Judge, by reference in its entirety."

Lightning then appealed the Board of Review decision to the Circuit Court of Kanawha County. The circuit court affirmed the decision of the Board of Review. Lightning now appeals the circuit court's order to this Court.

> The findings of fact of the Board of Review of the West Virginia Department of Employment Security are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

4

Syl. pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994). This Court has further recognized that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof." Syl. pt. 6, *Davis v. Hix*, 140 W. Va. 398, 84 S.E.2d 404 (1954). *Accord* Syl. pt. 2, *Smittle v. Gatson*, 195 W. Va. 416, 465 S.E.2d 873 (1995).

Although Lightning raises numerous errors,[1] we find merit in only one: Lightning should have been permitted to present additional evidence of Mr. Horne's embezzlement because the ALJ erred in refusing to allow it to argue embezzlement during the teleconference hearing. Lightning complains that the Board of Review has not established rules of procedure for conducting hearings by teleconference even though the Board of Review is mandated to create rules for conducting appeals to it pursuant to W. Va. Code § 21A-7-13. Lightning asserts that this Court criticized the lack of procedural rules for telephonic hearings in *Parks v. Board of Review of West Virginia Department of Employment Security*, 188 W. Va. 447, 450, 425 S.E.2d 123, 126 (1992). Lightning contends that, in apparent response to *Parks*, only one general rule pertaining to telephonic hearings has been promulgated. That rule states:

Telephonic Hearings.-- The Board, in its discretion, may

---

[1]Other errors asserted by Lightning are that Mr. Horne should be disqualified from receiving unemployment compensation benefits because he voluntarily left his employment without good cause; the Board of Review erred by refusing to consider its alternative defenses (*i.e.* that Mr. Horne either voluntarily quit or abandoned his job without good cause as an alternative to its assertion that Mr. Horne was discharged for gross misconduct); the Board of Review erred by considering Lightning Energy's payment of wages to Mr. Horne within seventy-two hours of separation from employment as evidence of discharge; the Board of Review improperly placed the burden on Lightning to prove that Mr. Horne was guilty of misconduct; and the Board of Review and the circuit court failed to adequately review the administrative record as demonstrated by the fact that they failed to mention in their respective orders irrelevant information pertaining to an unrelated case that was inadvertently included in the record. Based upon our review of the record, there was sufficient evidence that Mr. Horne was discharged and, affording proper deference to this factual determination of the Board of Review, that decision must stand. Furthermore, while the Board of Review observed that Lightning Energy paid wages to Mr. Horne within seventy-two hours of his separation from employment, we find there was sufficient evidence of discharge without consideration of this fact. Because we determine the finding of discharge was supported by the evidence, the burden of proof was properly on Lightning to present evidence of misconduct. *See* 84 C.S.R. 1 § 6.7.4. Finally, the failure of an appellate body to mention irrelevant information pertaining to an unrelated case in its decisional order is not evidence of a failure to adequately review the record.

5

schedule appeal tribunal hearings telephonically. Any party has a right to an in-person hearing. In a case where a party is not a resident of the State of West Virginia and does not have an office or business location in the State of West Virginia, the Board may permit that party to appear telephonically.

84 CSR 1 § 6.2. Lightning concedes that when the ALJ refused to allow the embezzlement evidence he referenced the notice of hearing and the requirement that all evidence was to be submitted more than twenty-four hours before the hearing. Lightning states that, while the notice of hearing contains a reference to enclosed instructions, no instructions are included in the record. Accordingly, Lightning contends that the matter should have been remanded to the ALJ to permit it to present evidence of Mr. Horne's embezzlement. We agree.

> This Court has previously held that,
> [t]he Legislature, in apparent recognition that a deputy commissioner may rule on an unemployment compensation claim without conducting an initial hearing, has provided a statutory right to a hearing of an appeal from the deputy's decision. W. Va. Code, 21A-7-8 (1978), grants to either party the right to an appeal from a deputy's ruling and provides that such party shall be entitled to *a fair hearing and reasonable opportunity to be heard before an appeal tribunal*.

Syl. pt. 2, *Parks v. Board of Review of W. Va. Dep't of Emp't Sec.*, 188 W. Va. 447, 425 S.E.2d 123 (emphasis added). In the instant case, Lightning was prepared to fax relevant documents pertaining to its allegation of embezzlement to the ALJ during the course of the hearing. The ALJ refused to accept documents by fax and further refused to entertain any discussion pertaining to the information contained in those documents. In refusing to allow Lightning to present evidence or testimony, the ALJ referred to Lightning's failure to comply with purported instructions contained in the hearing notice that required all documentation to be submitted to the ALJ more than twenty-four hours prior to the telephonic hearing. Our examination of the record, however, has revealed that no copy of the purported instructions is contained therein. There also is nothing contained in the record to indicate that Lightning received notification that it was required to submit its documentation pertaining to this matter more than twenty-four hours prior to the telephonic hearing. Moreover, other than a single rule that makes telephonic hearings optional, we find that "[d]espite its authority to establish procedural regulations, the Board has not seen fit to promulgate such regulations with regard to telephonic appeal hearings. Nor have rules for telephonic appeal hearings been issued under the Commissioner's rule-making authority contained in W. Va. Code, 21A-7-1 (1936)." *Parks*, 188 W. Va. at 450, 425 S.E.2d at 126 (footnotes omitted). *See also* W. Va. Code § 21A-7-13 (1939) (directing, in part, that the Board of Review "shall establish, and may from time to time modify and amend, rules and regulations for: (1) The conduct and

determination of benefit cases appealed to it, or to an appeal tribunal; (2) The form of all papers and records thereof; (3) The time, place, and manner of hearings . . . .").  In the absence of a formally adopted rule or some evidence in the record before us that Lightning received prior written notice that it was required to submit documentary evidence more than twenty-four hours in advance of the telephonic hearing, we find Lightning was deprived of "a fair hearing and reasonable opportunity to be heard before an appeal tribunal" on the issue of whether Mr. Horne had committed embezzlement and whether the alleged embezzlement was a ground for his discharge.  Syl. pt. 2, in part, *Parks* 188 W. Va. 447, 425 S.E.2d 123.  Accordingly, we reverse the order of the Circuit Court of Kanawha County and remand this case to the ALJ for the presentation of evidence pertaining to Mr. Horne's alleged acts of embezzlement.

Reversed and Remanded.


**ISSUED:  October 2, 2014**

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

7

No. 13-1242  -    *Lightning Energy Services, LLC v. Board of Review, WorkForce West Virginia, Russell L. Fry, as Commissioner And/or Acting Executive Director of WorkForce West Virginia, Jack Canfield, as Chairman of the Board of Review, WorkForce West Virginia, And Aaron S. Horne*

Davis, Chief Justice, dissenting:

I would not remand this case for the employer to have a second bite at the appellate apple. Therefore, I respectfully dissent. The employer, Lightning, received a "Notice of Telephonic Hearing" from the Board of Review. Stated in all caps and in bold text on this notice was the following instruction: "**IMPORTANT SINCE THIS APPEAL HEARING WILL BE CONDUCTED BY TELEPHONE, BE SURE TO READ THE ENCLOSED INSTRUCTIONS**." The comments made by the ALJ during the course of the telephonic hearing reveal that these instructions, in part, directed Lightning to submit documentation relevant to the appeal more than twenty-four hours prior to the telephonic hearing. Although the instructions themselves were not included in the record, it is important to note that at no point during these proceedings, either before this Court or below, has Lightning denied that it received the instructions or indicated that it was unaware of the requirement. Instead, Lightning merely points out that no copy of the instructions is contained in the record.

Lightning failed to properly submit its documentary evidence to the ALJ and now seeks the opportunity to present such evidence after-the-fact. According to the rules promulgated by the Board of Review:

> Motions to present additional evidence will not be granted upon appeal to the Board except for good cause shown. To establish good cause, a party must demonstrate that the evidence was not available prior to the appeal tribunal hearing or that he or she did not know, nor reasonably could have known, of the evidence in question at that time. . . .

84 CSR 1 § 5.8. Lightning has failed to meet this standard and, therefore, it should not be allowed to present additional evidence that it failed to properly submit to the ALJ in the first instance. For this reason, I would affirm.

8